FILED
at ___ O'clock & ___ min ___ M
SEP 0 2 2008
United States Bankruptcy Court
Columbia, South Carolina (25)

ENTERED
SEP -2 2008
R.B.S.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

In re:

James Michael Fennell, Nancy Carol Fennell,

Debtors.

Case No. 08-01693-jw
Chapter 11

## ORDER

This matter comes before the Court on a motion filed by the United States Trustee ("UST") to dismiss this case pursuant to 11 U.S.C. § 707(b)(1), based on bad faith and the totality of the circumstances under 11 U.S.C. § 707(b)(3)(A, B).[1] James Michael Fennell and Nancy Carol Fennell ("Debtors") filed a response and argue, among other things, that the UST is barred from bringing the motion to dismiss because he did not file a statement within ten days of the meeting of creditors as required by § 704(b). A hearing regarding Debtors' § 704(b) argument was held on August 14, 2008.

## FINDINGS OF FACT[2]

Debtors filed a joint voluntary petition for relief under chapter 7 on March 24, 2008. Debtors' petition shows that their debts are primarily consumer debts making them subject to

---

[1] Further reference to Title 11 U.S.C. § 101, *et seq.*, will be by section number only.

[2] To the extent these findings of fact may be conclusions of law, they shall be so deemed. To the extent the conclusions of law in this order may constitute findings of fact, they shall be so deemed.

1

dismissal for abuse under § 707(b)(1). Debtors' means test form B22A indicated that the presumption of abuse did not arise.

The UST did not file a statement under § 704(b) stating that the presumption arose. The UST filed his motion to dismiss under § 707(b)(3) on June 19, 2008.

Debtors rely upon the holding of the recent case *In re Draisey*, 385 B.R. 274 (Bankr. D.Minn. 2008), *appeal pending*, (BAP 8th Cir.). The UST contends that the *Draisey* case is the minority view and wrongly decided and that § 704(b) does not require the UST to file such a statement when the presumption is inapplicable.

## QUESTION PRESENTED

The question presented is:

> **In an individual chapter 7 case where the presumption of abuse does not arise, is the UST barred from bringing a § 707(b)(3) motion if he fails to file a statement under § 704(b)(1) within ten days after the meeting of creditors?**

## CONCLUSIONS OF LAW

Debtors argue that § 704(b)(1)(A) requires the UST to file a statement in all individual chapter 7 cases where the UST contemplates filing a motion to dismiss pursuant to either § 707(b)(2) or § 707(b)(3), regardless of whether the presumption of abuse arises. *See In re Draisey*, 385 B.R. 274 (Bankr. D.Minn. 2008), *appeal pending*, (BAP 8th Cir.). Section 704(b)(1)(A) requires the UST, "not later than 10 days after the date of the first meeting of creditors, [to] file with the court a statement as to whether the debtor's case would be **presumed** to be an abuse under section 707(b)." The other deadlines for action set forth in § 704(b) are related to that initial determination.

2

A plain reading of the statute conditions the UST's requirement to act upon whether there is a presumption of abuse. The criteria for determining a presumption of abuse is set forth in § 707(b)(2). However, § 707(b)(3) applies "in a case in which the presumption...does not arise or is rebutted...." Therefore, it appears an action based on § 707(b)(3) is not limited by the deadlines set forth in § 704(b). *See Branigan v. Bateman (In Re Bateman)*, 515 F.3d 272 (4th Cir. 2008)(stating that where the statutory language is plain, the court's analysis begins and ends with that language).[3]

This reading is supported by the majority of reported decisions addressing this issue. *See In re Close*, 384 B.R. 856, 871 (D. Kan. 2008), *aff'g*, 353 B.R. 915 (Bankr. D. Kan. 2006) (where no presumption of abuse arises, 30-day deadline imposed by § 704(b)(2) does not apply and § 704(b)(1)(A) statement is not prerequisite for filing); *In re Perrotta*, __ B.R. __, 2008 WL 2485568, at *4 (Bankr. D.N.H. June 17, 2008) (where the UST is seeking dismissal under § 707(b)(1) or (b)(3) without invoking presumption of abuse, the statement and time limitations under § 704(b) do not apply); *In re Ansar*, 383 B.R. 344, 348 (Bankr. D. Minn. 2008) (nothing in § 704(b) prevents the UST from filing motion to dismiss under § 707(b)(3) where burden of proof will rest on the UST); *In re Byrne*, 376 B.R. 700, 701 (Bankr. W.D. Ark. 2007) (§ 704(b)(1) is not applicable to motion to dismiss under § 707(b)(3)); *In re Littman*, 370 B.R. 820, 827 n.20 (Bankr. D. Idaho 2007); *In re dePellegrini*, 365 B.R. 830, 831 (Bankr. S.D. Ohio 2007); *In re Singletary*, 354 B.R. 455, 465 (Bankr. S.D. Tex. 2006); *see also* Interim Fed. R. Bankr. P. 1017(e)(1) (providing for

---

[3] At least one court has held that § 704(b) is "a mandate for U.S. Trustee action imposed for the benefit of the Court and other parties in interest, not a deadline" and that "even if the U.S. Trustee had not met the § 704(b) deadlines, the motion would not be time barred merely for that reason." *In re Cadwallder*, 2007 WL 1864154 at *9 (Bankr. S.D. Tex. 2007).

3

a deadline of 60 days after the first date set for meeting of creditors for filing motions to dismiss for abuse under section 707(b) "except as otherwise provided in § 704(b)(2)").

For these reasons, the Court concludes that Debtors' reading of § 704(b)(1) is incorrect and adopts the majority view, which is fully consistent with both the statute's text and purpose. Accordingly, the UST was not required to file a ten-day statement in this case as a prerequisite for bringing a § 707(b)(3) motion. The UST's motion was timely filed under Interim Fed. R. Bankr. P. 1017(e)(1). Therefore, Debtors' request to dismiss the UST's motion on this ground is denied.

AND IT IS SO ORDERED.

_____
JOHN E. WAITES
Chief Bankruptcy Judge

Columbia, South Carolina

____9/2____, 200_8_